(1) the fair value of its assets, both at fair valuation and at present fair saleable value, is in excess of the total amount of its liabilities, including, without limitation, contingent claims; and

(2) it is then able and expects to be able to pay its debts as they mature; and

(3) it has capital sufficient to carry on its business as conducted and as proposed to be conducted.

Contingent liabilities (such as litigation, guaranties, and pension plan liabilities) shall be computed at the amount which, in light of all the facts and circumstances existing at the time, represents the amount which can reasonably be expected to become an actual or matured liability;

K. Unless otherwise previously disclosed to and approved by Bank in writing in connection with the Liquidity Access Line, Third Party Pledgor has not entered into or granted any security agreements, Liens or permitted the filing or attachment of any Liens on or affecting any of the Third Party Collateral, whether directly or indirectly, that secures performance of Third Party Pledgor's obligations under the Loan Documents;

L. This Pledge Agreement and all other Loan Documents to which Third Party Pledgor is a party are binding upon Third Party Pledgor, as well as upon its successors, representatives and assigns, and are legally enforceable in accordance with their respective terms;

M. Third Party Pledgor and, if not a natural person, Third Party Pledgor's Affiliates and/or Subsidiaries, have (a) conducted their businesses in compliance with applicable anti-corruption and anti-money laundering laws, rules and regulations, including, without limitation, as applicable, the USA PATRIOT Act of 2001 and the U.S. Foreign Corrupt Practices Act of 1977 (the "**FCPA**"), as amended; and (b) where required under applicable law, have instituted and maintain policies and procedures reasonably designed to promote and achieve compliance with such laws, rules and regulations and with the representations and warranties contained herein, including, but not limited to, maintaining a Know Your Customer program to identify and verify each of its customers in accordance with applicable laws, including the identification of beneficial ownership;

N. None of Third Party Pledgor, and, if not a natural person, Third Party Pledgor's Affiliates and/or Subsidiaries, is a Person that is, or is owned or controlled by Persons that are: (i) the subject of any sanctions administered or enforced by the U.S. Department of the Treasury's Office of Foreign Assets Control ("**OFAC**"), the U.S. Department of State, the United Nations Security Council, the Council of the European Union or Her Majesty's Treasury of the United Kingdom (collectively "**Sanctions**") or (ii) located, organized or resident in a country or territory that is the subject of comprehensive territorial OFAC Sanctions (together with Sanctions, a "**Sanctioned Person**") (currently including Crimea, Cuba, Iran, North Korea, Sudan and Syria);

O. Third Party Pledgor has disclosed to Bank if Third Party Pledgor, and, if not a natural person, Third Party Pledgor's Affiliates and/or Subsidiaries, or any Person who, to Third Party Pledgor's knowledge, has or will have an interest in the transaction contemplated by the LAL Agreement or will participate, in any manner whatsoever, in receiving or utilizing the proceeds of any Advance or issuance of a letter of credit under the Liquidity Access Line, whether directly or indirectly, is or has been a PEP Entity, a Politically Exposed Person or an Immediate Family Member or Known Close Associate of a Politically Exposed Person, and has provided or will provide the necessary information required by law;

P. Not use any part of the proceeds of the Advance or a letter of credit issued under the Liquidity Access Line, directly or indirectly, by Third Party Pledgor, and, if not a natural person, any Affiliate and/or Subsidiary of Third Party Pledgor, to fund, finance or otherwise facilitate (i) any money laundering or terrorist financing activities or business; (ii) any activities or business in, with, on behalf of or otherwise involving any Sanctioned Person; (iii) any payments to any governmental official or employee, political party, official of a political party, candidate for political office, or anyone else acting in an official capacity, in order to obtain, retain or direct business or obtain any improper advantage; or (iv) in any other manner that would result in a violation of Sanctions, or any applicable anti-money laundering or anti-corruption laws, rules or regulations;

Q. No Third Party Collateral or any portion thereof is or will consist of funds, assets or other property or interests in property that may cause or result in a violation of Sanctions, or applicable anti-money laundering or anti-corruption laws, rules or regulations; and

R. **THIRD PARTY PLEDGOR (1) HAS NO DEFENSES TO OR SETOFFS AGAINST ANY INDEBTEDNESS OR OTHER OBLIGATIONS OWING TO BANK OR ITS AFFILIATES (THE "BANK OBLIGATIONS"), NOR CLAIMS AGAINST**

---

For Morgan Stanley Private Bank, National Association Use Only

WHITNEY J SLATEN
BORROWER NAME

WARREN C SLATEN and SYBIL SLATEN
THIRD PARTY PLEDGOR NAME

LENLALTP    LAL
ID: 290748

263-045204-724
LAL NUMBER

THIRD PARTY PLEDGE AGREEMENT
(05/2018)
Page 9 of 15
NY CS 9180884 05/18
263-045204-724

BANK OR ITS AFFILIATES FOR ANY MATTER WHATSOEVER, RELATED OR UNRELATED TO BANK OBLIGATIONS, AND (2) RELEASES BANK AND ITS AFFILIATES FROM ALL CLAIMS, CAUSES OF ACTION, AND COSTS, IN LAW OR EQUITY, EXISTING AS OF THE EFFECTIVE DATE OF THIS PLEDGE AGREEMENT OR THE DATE OF ANY ADVANCE, AS APPLICABLE, WHICH THIRD PARTY PLEDGOR HAS OR MAY HAVE BY REASON OF ANY MATTER OF ANY CONCEIVABLE KIND OR CHARACTER WHATSOEVER, RELATED OR UNRELATED TO BANK OBLIGATIONS, INCLUDING THE SUBJECT MATTER OF THIS PLEDGE AGREEMENT AND OF THE LAL AGREEMENT; PROVIDED THAT THE FOREGOING SHALL NOT APPLY TO CLAIMS FOR PERFORMANCE OF EXPRESS CONTRACTUAL OBLIGATIONS OWING TO THIRD PARTY PLEDGOR BY BANK OR ITS AFFILIATES.

## 10. Remedies; Limitation of Liability

A. Bank shall have all the rights and remedies provided in this Pledge Agreement and the LAL Agreement, or available at law, in equity, or otherwise, if the LAL Obligations are not fully and completely performed, including, but not limited to, the right to liquidate any or all of the Financial Assets in the Third Party Collateral Account upon demand of the LAL Obligations pursuant to the LAL Agreement. All of Bank's rights and remedies shall be cumulative and may be exercised singularly or concurrently. Election by Bank to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Borrower shall not affect Bank's right to exercise its rights and remedies. No failure on the part of Bank to exercise, and no delay in exercising, any rights or remedies hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any such rights and remedies preclude any other or further exercise thereof or the exercise of any other rights and remedies.

B. Neither Bank nor Broker will be liable to Third Party Pledgor or any Person for any special, indirect, consequential or punitive damages arising out of any act or omission by either of them with respect to this Pledge Agreement, the LAL Agreement, the Liquidity Access Line, or the Third Party Collateral Account.

## 11. Dispute Resolution

A. ARBITRATION PROVISION. PLEASE READ THIS ARBITRATION PROVISION CAREFULLY. THIRD PARTY PLEDGOR AGREES THAT ANY PAST, PRESENT OR FUTURE LEGAL DISPUTE OR CLAIM OF ANY KIND, INCLUDING STATUTORY AND COMMON LAW CLAIMS AND CLAIMS FOR EQUITABLE RELIEF, THAT RELATES IN ANY WAY TO THIS PLEDGE AGREEMENT OR THIRD PARTY PLEDGOR'S RELATIONSHIP WITH BANK WILL BE RESOLVED BY BINDING ARBITRATION IF THIRD PARTY PLEDGOR OR BANK ELECTS TO ARBITRATE.

**Right to Reject Arbitration: Third Party Pledgor may reject this arbitration provision, in which event neither Third Party Pledgor nor Bank will have the right to require arbitration.** Rejection will not affect any other aspect of these terms. To reject the arbitration provision, Third Party Pledgor must send Bank a notice within 60 days after the Liquidity Access Line is opened. The notice must include Third Party Pledgor's name, address, and account number and be mailed to: Morgan Stanley Private Bank, National Association, One Utah Center, 201 S Main St, 5th Floor, Salt Lake City, Utah 84111, Attention: Liquidity Access Line Administration. This is the only method Third Party Pledgor can use to reject the arbitration provision.

As used in this Section 11 "Bank" means Bank and all of its respective parents, subsidiaries, affiliates, predecessors, successors, assigns, employees, officers and directors.

This arbitration provision covers all claims, except that Bank will not elect to arbitrate an individual claim brought by Third Party Pledgor in small claims court or its equivalent if the claim does not exceed five thousand dollars ($5,000), unless that claim is transferred, removed, or appealed to a different court.

The following describes the arbitration procedure, and its implications:

- Notice: If Third Party Pledgor or Bank elects to arbitrate, the other party must be notified. Third Party Pledgor must send notice to Bank at the following address: Morgan Stanley Private Bank, National Association, One Utah Center, 201 S Main St, 5th Floor, Salt Lake City, Utah 84111, Attention: Liquidity Access Line Administration. Notice can be given after a lawsuit has been filed, in which case it can be made in papers in the lawsuit.

---

For Morgan Stanley Private Bank, National Association Use Only

WHITNEY J SLATEN  
BORROWER NAME  
WARREN C SLATEN and SYBIL SLATEN  
THIRD PARTY PLEDGOR NAME

LENLALTP   LAL  
ID: 290748

263-045204-724  
LAL NUMBER

THIRD PARTY PLEDGE AGREEMENT  
(05/2018)  
Page 10 of 15  
NY CS 9180884 05/18  
263-045204-724

- Administrator: The person who starts the arbitration proceeding must choose an administrator, which can be either the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com (800) 474-2371; or the American Arbitration Association, 335 Madison Avenue, New York NY 10017, www.adr.org, (800) 778-7879. The actual arbitrator will be selected under the administrator's rules, and must be a lawyer with at least ten years of experience.

- Applicable Law: These terms involve interstate commerce and this arbitration provision is governed by the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). New York law shall apply to the extent state law is relevant under Section 2 of the FAA in determining the validity of this provision. The arbitrator has to follow: (1) the substantive law, consistent with the FAA, that would apply if the matter had been brought in court; (2) this arbitration provision; and (3) the administrator's rules. The arbitrator is authorized to award remedies that would apply if the individual action were in a court (including, without limitation, punitive damages, which shall be governed by the constitutional standards employed by the U.S. Supreme Court).

- Location/Fees: The arbitration will take place in a location reasonably convenient to Third Party Pledgor. If Third Party Pledgor asks Bank, Bank will pay all filing, administrative, hearing and/or other fees the administrator or arbitrator charges up to $2,500. If the cost is higher, Third Party Pledgor can ask Bank to pay more and Bank will consider Third Party Pledgor's request in good faith. Under all circumstances Bank will pay all amounts Bank is required to pay under applicable law.

- Judgment/Appeals: A court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except for: (1) any appeal right under the FAA; and (2) any party may appeal decisions relating to Claims of more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider all over again any aspect of the appealed award. If Third Party Pledgor appeals, Bank will consider in good faith a request that Bank pay any additional fees of the administrator or arbitrator.

IMPORTANT LIMITATIONS AND RESTRICTIONS: IF A CLAIM GOES TO ARBITRATION, NEITHER PARTY WILL HAVE THE RIGHT TO: (1) HAVE A COURT OR A JURY DECIDE THE CLAIM; (2) ENGAGE IN DISCOVERY (I.E., THE RIGHT TO OBTAIN INFORMATION FROM THE OTHER PARTY) TO THE SAME EXTENT THAT THE PARTY COULD IN COURT; (3) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR A CLASS MEMBER; (4) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (5) JOIN OR CONSOLIDATE THE PARTY'S CLAIM(S) WITH CLAIMS OF ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT THE PARTY WOULD HAVE IF THE PARTY WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. ONLY A COURT MAY DETERMINE THE VALIDITY AND EFFECT OF PARTS 3, 4 AND 5 OF THIS PARAGRAPH. IF A COURT SHOULD HOLD SUCH PART(S) TO BE INVALID, THEN THE ENTIRE PROVISION SHALL BE NULL AND VOID. HOWEVER, THIS WILL NOT LIMIT THE RIGHT TO APPEAL SUCH HOLDING. IF A COURT SHOULD HOLD ANY OTHER PART(S) OF THIS ARBITRATION PROVISION TO BE INVALID, THE REMAINING PARTS SHALL BE ENFORCEABLE.

This arbitration provision will survive the termination of the Liquidity Access Line, and payment and performance in full of all obligations secured by this Pledge Agreement, and will remain in force no matter what happens to Third Party Pledgor or the Liquidity Access Line. If the administrator's rules conflict with the rules described in this provision, this provision will apply.

B. **Attorneys' Fees; Expenses.** Third Party Pledgor agrees to pay upon demand all of Bank's costs and expenses, including Bank's reasonable attorneys' fees and Bank's legal expenses, incurred in connection with the enforcement of this Pledge Agreement. Bank may hire or pay someone else to help enforce this Pledge Agreement, and Third Party Pledgor shall pay the costs and expenses of such enforcement. Costs and expenses include Bank's reasonable attorneys' fees and legal expenses, whether or not of Bank's salaried employees and whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post judgment collection services. Third Party Pledgor also shall pay all court costs and such additional fees as may be directed by the court.

---

For Morgan Stanley Private Bank, National Association Use Only

WHITNEY J SLATEN  
BORROWER NAME  
WARREN C SLATEN and SYBIL SLATEN  
THIRD PARTY PLEDGOR NAME

263-045204-724  
LAL NUMBER

THIRD PARTY PLEDGE AGREEMENT  
(05/2018)  
Page 11 of 15  
NY CS 9180884 05/18  
263-045204-724

LENLALTP       LAL  
ID: 290748