C. **Bank's Expenditures.** If any action or proceeding is commenced that would materially affect Bank's interest in the Third Party Collateral or if Third Party Pledgor fails to comply with any provision of this Pledge Agreement, Bank may (but shall not be obligated to) take any action that Bank deems appropriate, including but not limited to discharging or paying all taxes, Liens, encumbrances and other claims, at any time levied or placed on any Third Party Collateral and paying all costs for insuring, maintaining and preserving any Third Party Collateral. All such expenditures incurred or paid by Bank for such purposes will become a part of the LAL Obligations secured by the Third Party Collateral and shall bear interest at the rate provided for in the LAL Agreement for a Variable Rate Advance (as defined in the LAL Agreement).

D. **No Effect on Broker Arbitration.** Nothing in this Section 11 will be deemed to alter any agreement to arbitrate any controversies that may arise between Third Party Pledgor and Broker, and any claims between Third Party Pledgor and Broker will be arbitrated as provided in any agreement between Third Party Pledgor and Broker.

## 12. Miscellaneous

A. **Notices.** Unless otherwise provided by applicable law, any notice required to be given under this Pledge Agreement or required by law shall be given in writing, and shall be effective when Bank provides such notice to the United States Postal Service or a commercial delivery service for delivery to Third Party Pledgor, except that any demand for payment or any notice of a default in any Loan Party's obligations relating to the Third Party Collateral may be made by Bank to Third Party Pledgor orally or electronically, including, without limitation, telephonically or via facsimile or electronic mail. All notices sent via facsimile or electronic mail shall be effective upon the faxing or mailing thereof. Notices to Third Party Pledgor shall be sent to the address of Third Party Pledgor shown on the records of the Third Party Collateral Account at Broker. Notices to Bank shall be sent to the address in Section 11 or such other address identified by Bank from time to time.

B. **No Waiver by Bank.** Bank shall not be deemed to have waived any rights under this Pledge Agreement unless such waiver is given in writing and signed by Bank. No delay or omission on the part of Bank in exercising any right shall operate as a waiver of such right or any other right. A waiver by Bank of a provision of this Pledge Agreement shall not prejudice or constitute a waiver of Bank's right otherwise to demand strict compliance with that provision or any other provision of this Pledge Agreement. No prior waiver by Bank nor any course of dealing between Bank and Third Party Pledgor shall constitute a waiver of any of Bank's rights or of any of Third Party Pledgor's obligations as to any future transactions. Whenever the consent of Bank is required under this Pledge Agreement, the granting of such consent by Bank in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Bank.

C. **Assignment.** Bank may assign to one or more Persons all or a portion of its rights and obligations under this Pledge Agreement without notice to, or the consent of, Third Party Pledgor.

D. **Governing Law.** This Pledge Agreement will be governed by, construed and enforced in accordance with federal law and, to the extent state law applies, the laws of the State of New York, without reference to the choice of law provisions of New York law. For the purposes of this Pledge Agreement, the jurisdiction of Broker shall be the State of New York.

E. **Counterparts.** This Pledge Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

F. **Fax Delivery.** Delivery of an executed copy of this Pledge Agreement by fax shall be effective as delivery of an original executed copy of this Pledge Agreement.

G. **Severability.**

(1) If a court of competent jurisdiction finds any provision of this Pledge Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Pledge Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Pledge Agreement shall not affect the legality, validity or enforceability of any other provision of this Pledge Agreement.

---

For Morgan Stanley Private Bank, National Association Use Only

| WHITNEY J SLATEN | 263-045204-724 |
|---|---|
| BORROWER NAME | LAL NUMBER |
| WARREN C SLATEN and SYBIL SLATEN | |
| THIRD PARTY PLEDGOR NAME | THIRD PARTY PLEDGE AGREEMENT (05/2018) Page 12 of 15 NY CS 9180884 05/18 263-045204-724 |

LENLALTP   LAL
ID: 290748

(2) The provisions of this Pledge Agreement are severable and if the obligations of Third Party Pledgor hereunder would be held or determined to be avoidable, invalid or unenforceable on account of the amount of such obligations in any action or proceeding (whether judicial or non-judicial), then, notwithstanding any other provision of this Pledge Agreement to the contrary, such obligations shall, without any further action by Third Party Pledgor or Bank, be automatically limited and reduced to the highest amount that is valid and enforceable as determined in such action or proceeding (the "Maximum Liability"). Neither Third Party Pledgor nor any other person or entity shall have any right or claim under this provision except to the extent necessary so that the obligations of Third Party Pledgor are not rendered voidable under applicable law. Third Party Pledgor further agrees that the LAL Obligations may at any time and from time to time exceed the Maximum Liability of Third Party Pledgor hereunder without impairing this Pledge Agreement or affecting the rights and remedies of Bank.

H. **Interpretation.** Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Pledge Agreement shall have the meanings attributed to such terms in the applicable Uniform Commercial Code. Accounting words and terms not otherwise defined in this Pledge Agreement shall have the meanings assigned to them in accordance with United States Generally Accepted Accounting Principles in effect on the Effective Date.

I. **Headings.** Section headings in this Pledge Agreement are included herein for convenience of reference only and shall not constitute a part hereof for any other purpose.

J. **Final Agreement.** This Pledge Agreement constitutes the entire understanding and agreement of the Parties as to the matters set forth in this Pledge Agreement, is the final expression of the agreement between the Parties, and may not be contradicted by evidence of any alleged oral agreement.

For Morgan Stanley Private Bank, National Association Use Only

WHITNEY J SLATEN
BORROWER NAME
WARREN C SLATEN and SYBIL SLATEN
THIRD PARTY PLEDGOR NAME

263-045204-724
LAL NUMBER

THIRD PARTY PLEDGE AGREEMENT
(05/2018)
Page 13 of 15
NY CS 9180884 05/18
263-045204-724

LENLALTP    LAL
ID: 290748

IN WITNESS WHEREOF, each Third Party Pledgor has executed and delivered this Pledge Agreement to be executed and delivered as of the date written below.

**Third Party Pledgor**

SIGNATURE / PLEASE SIGN HERE

WARREN C SLATEN
PRINT NAME

6/11/18
DATE

**Third Party Pledgor**

SIGNATURE / PLEASE SIGN HERE

SYBIL SLATEN
PRINT NAME

6/11/18
DATE

The following notice is required by law:

NOTICE TO COSIGNER

You are being asked to become liable on this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

Subject to the amount of Third Party Collateral pledged, you may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower pursuant to the terms herein, including liquidation of Third Party Collateral and application of the proceeds thereof. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

For Morgan Stanley Private Bank, National Association Use Only

WHITNEY J SLATEN
BORROWER NAME

WARREN C SLATEN and SYBIL SLATEN
THIRD PARTY PLEDGOR NAME

LENLALTP   LAL
ID: 290748

263-045204-724
LAL NUMBER

THIRD PARTY PLEDGE AGREEMENT
(05/2018)
Page 14 of 15
NY CS 9180884 05/18
263-045204-724

# Schedule A

Borrower(s): WHITNEY J SLATEN

Collateral Account(s) to be pledged to the Liquidity Access Line:

| Account Title | Account Number |
|---|---|
| 1) WARREN C SLATEN and SYBIL SLATEN | 263-028893-724 |

Each Collateral Account is held at Morgan Stanley Smith Barney LLC.

---

For Morgan Stanley Private Bank, National Association Use Only

| WHITNEY J SLATEN | 263-045204-724 |
|---|---|
| BORROWER NAME | LAL NUMBER |
| WARREN C SLATEN and SYBIL SLATEN | |
| THIRD PARTY PLEDGOR NAME | THIRD PARTY PLEDGE AGREEMENT (05/2018) |

Morgan Stanley

LENLALTP  LAL
ID: 290748

Page 15 of 15
NY CS 9180884 05/18
263-045204-724